UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00522-JDE | Date | September 29, 2026 |
| Title | West Capital Lending, Inc. v. loanDepot.com, LLC | | |

| | |
|---|---|
| Present: The Honorable | John D. Early, United States Magistrate Judge |

| | |
|---|---|
| Amber Rodriguez | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:** (In Chambers) Order Granting Defendant's Motion to Dismiss Complaint, in Part, with Leave to Amend [Dkt. 21]

## I.
## INTRODUCTION

On March 6, 2026, West Capital Lending, Inc. ("Plaintiff") filed a civil complaint against loanDepot.com, LLC ("Defendant"). Dkt. 1 ("Complaint"). On May 4, 2026, Defendant filed a Motion to Dismiss the Complaint. Dkt. 21 ("Motion"). Plaintiff filed its Opposition to Defendant's Motion to Dismiss on June 18, 2026. Dkt. 25 ("Opposition"). Defendant filed its Reply in Support of Defendant's Motion to Dismiss on July 16, 2026. Dkt. 26 ("Reply").

The Motion was heard on August 27, 2026, after which the Motion was taken under submission. Dkt. 29. For the reasons discussed below, the Motion to Dismiss is GRANTED in part, with leave to amend.

## II.
## SUMMARY OF ALLEGATIONS

The allegations in the operative pleadings are set forth below. For purposes of ruling on the Motion to Dismiss, the Court considers only the allegations contained within the four corners of the Complaint and attached exhibits.

Plaintiff and Defendant sell direct-to-consumer mortgages in the California market. Complaint ¶¶ 4–5. Defendant employs Loan Officers ("LOs") and Production Managers ("PMs"). Dkt. 1-2 ¶ 2. LOs recommend loan products to borrowers and negotiate rates and fees. Id. PMs supervise teams of approximately 10–20 LOs. Id. PMs are responsible for driving their team's sales by coaching LOs and acting as a "second voice" on a sales call if an LO has problems closing a sale. Dkt. 1-3 ¶ 2. If a borrower escalates a call to a PM, the PM will negotiate with the customer and, if necessary, approve reductions in rates and fees. Dkt. 1-2 ¶ 3. Additionally, a PM will fill in for an LO if one is not available. Dkt. 1-3 ¶ 3.

Under Defendant's direction, PMs motivate their LO team to drive initial pricing and discourage discounts. Complaint ¶ 35. If a PM is unsuccessful at selling a higher rate loan,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00522-JDE | Date | September 29, 2026 |
| Title | West Capital Lending, Inc. v. loanDepot.com, LLC | | |

Defendant directs the PM to offer the smallest pricing concession possible to get the borrower to move forward. Dkt. 1-5 ¶ 4. Defendant requires PMs to obtain approval for pricing exceptions, unless the competing offer came from either Rocket Mortgage or Plaintiff. Id. ¶ 6. In that case, Defendant requires PMs "to match or beat the terms offered on such loans even if . . . [Defendant] would lose money on the loan." Id.

Defendant's PMs receive compensation through a plan ("PM compensation plan") that includes a component "influenced" by the revenue from loans sold by the PM's team and discounts provided to borrowers. Dkt. 1-2 ¶ 4. "Increased approvals for discounts . . . reduced the [PM's] monthly compensation." Id. As an example of Defendant's PM compensation plans, Plaintiff attached to its Complaint a copy of Defendant's PM compensation plan, effective as of April 1, 2024. Dkt. 1-1. This example describes a "Team Bonus" given to PMs that may be raised or reduced by market conditions and the average amount of loan discounts an LO team extends to borrowers throughout the month. Id.

Based on the foregoing, Plaintiff asserts two causes of action: (1) violation of the unfair competition law ("UCL") under California Business & Professional Code section 17200 et seq; and (2) declaratory judgment, pursuant to 28 U.S.C. section 2201, that Defendant's compensation plans for its PMs violate the Truth in Lending Act, 15 U.S.C. section 1639b(c)(1), and its implementing regulations, as they relate to LO Compensation (the "LO Compensation Rule").

## III.
## LEGAL STANDARD

### A. Motion to Dismiss

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. ("Rule") 12(b)(6). A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) dismissal, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Rule 8(a). While detailed factual allegations are not required, a complaint with "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s]' devoid of 'further factual enhancement" would not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Instead, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (internal citations omitted).

In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Unreasonable inferences or conclusory legal allegations need not be accepted as true. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. Id. at 1130-31. However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## IV.
## DISCUSSION

Plaintiff alleges that Defendant's PM compensation plan violates the LO Compensation Rule and that Plaintiff lost customers and market share as a result of Defendant's discounted prices. Complaint ¶¶ 48, 52. The LO Compensation Rule states:

> [I]n connection with a consumer credit transaction secured by a dwelling, no loan originator shall receive and no person shall pay to a loan originator, directly or indirectly, compensation in an amount that is based on a term of a transaction . . ..

12 C.F.R. § 1026.36(d)(1)(i).

As explained below, accepting as true all well-pleaded facts, but not conclusions, alleged in the Complaint, the Court finds the Complaint does not establish a plausible connection between Defendant's PM compensation plan and Defendant's alleged violations of the LO Compensation Rule, on the one hand, and any injury suffered by Plaintiff caused thereby, on the other hand. Accordingly, the Court finds the Complaint, as pled, fails to alleged Article III standing.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and contains three elements: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized and actual or imminent, not

conjectural or hypothetical; (2) there must be a causal connection between the injury and the challenged conduct—the injury has to be "fairly traceable" to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560–61 (1992); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). "A causation chain does not fail simply because it has several links, provided those links are not hypothetical or tenuous and remain plausible." Maya v. Centex Corp., 658 F.3d 1060, 1070 (9th Cir. 2011) (cleaned up).

Plaintiff has not alleged injury that is "fairly traceable" to Defendant's allegedly unlawful conduct. See Lujan, 504 U.S. at 560. Plaintiff argues Defendant's practices are related through a "two-track" scheme: (1) Defendant earns a high profit from selling high-costs loans to borrowers; and (2) if a borrower receives an offer from Plaintiff, Defendant discounts the terms of the loan to undercut Plaintiff's offer. Opposition at 20. Defendant then uses the profits from the high-profit loans and reduced compensation from the PMs to "pad" losses from the discounted loans offered when Defendant competes with Plaintiff for a customer. Id.; Complaint ¶¶ 38–41. Plaintiff alleges that, had Defendant "complied with the LO Compensation Rule, it would have been forced to incentivize loan officers to offer the best pricing upfront." Opposition at 20. "On a level playing field . . . [Defendant] would not have the economic advantage and/or flexibility to seek out specific competitors for the purpose of undercutting [Plaintiff's] pricing and diverting [its] customers." Id. at 21.

However, without more factual support, this conclusory causal connection is not plausible. Maya, 658 F.3d at 1070. The fact that Defendant cuts prices, even at a loss, if true, does not support the inference that Defendant is violating the LO Compensation Rule, causing injury to Plaintiff. Many businesses can and do undercut competitor prices without violating the law. See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 189 (1999). As argued by Defendant, "a mortgage lender . . . can simply direct [PMs] to charge high rates and give discounts when necessary" without violating the LO Compensation Rule. Reply at 4.

Plaintiff argues that the Complaint is sufficient because, at this stage, the Court must take Plaintiff's allegations as true. Opposition at 20. In its Complaint, Plaintiff does allege that "the maximally priced loans allow Defendant 'greater flexibility' to match competitor prices" and that compensation otherwise payable to PMs offsets losses from undercutting Plaintiff's loans. Complaint ¶ 43. However, the Court is required to assume only the truth of plausible factual allegations and reasonable inferences from those plausible factual allegations; the Court is not required to accept conclusory allegations as true. See Ileto, 349 F.3d at 1200. Here, there are no facts alleged that support Plaintiff's conclusions. In its Opposition, Plaintiff's causation argument is supported by only two references to the pleadings. Opposition at 20. Both are to declarations that Defendant instructed PMs to undercut Plaintiff's offers. Id.; Dkt. 1-7 ¶ 6; Dkt. 1-5 ¶ 6. Neither declaration supports the conclusion that Defendant's discounting practice was reliant on its PM

compensation plan or that Plaintiff was harmed by a practice that violated the LO Compensation Rule. See Maya, 658 F.3d at 1070.

As pled, Plaintiff has not sufficiently alleged plausible facts showing Article III standing, rending the Complaint subject to dismissal. However, the Court does not find that the defect is incurable; as such, leave to amend must be granted. As the Court finds that the Complaint does not sufficiently allege Article III standing, it does not reach any other issue raised in the Motion.

**V.**
**CONCLUSION AND ORDER**

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. 21) is GRANTED, in part, with leave to amend. Plaintiff shall file a "First Amended Complaint" within twenty-one (21) days of this Order, attempting to correct the defects identified. Defendant shall have twenty-one (21) days to file a response to any such First Amended Complaint.

IT IS SO ORDERED.

| | |
|---|---|
| Initials of Courtroom Deputy | ARO |